# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2242
Lower Tribunal No. 20-17511-CA-01
_____

**Universal Property & Casualty Insurance Company,**
Appellant,

vs.

**Rubelina Corniel,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Russo Lima Appellate Firm, P.A., and Elizabeth K. Russo, for appellant.

Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for appellee.


Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

SCALES, C.J.

In this first-party insurance case, appellant Universal Property & Casualty Insurance Company ("Universal") appeals an April 9, 2025 amended final judgment entered against it after a jury found that Universal had underpaid its insured, appellee Rubelina Corniel, for a covered loss. Specifically, Universal argues that the trial court erred in denying Universal's motion for judgment in accordance with its prior motion for a directed verdict because the evidence adduced at trial purportedly does not support $4,093.18 of the $32,000 the jury awarded in the verdict.[1] We disagree.

"A trial court's ruling on a motion for judgment in accordance with a prior motion for directed verdict is . . . reviewed de novo." Philip Morris USA, Inc. v. Barbanell, 100 So. 3d 152, 157 (Fla. 4th DCA 2012). In employing our standard of review, this Court reviews "the jury's award of damages to see if it is supported by substantial competent evidence viewing the facts and all reasonable inferences in the light most favorable to the verdict." Alvarez v. All Star Boxing, Inc., 258 So. 3d 508, 512 (Fla. 3d DCA 2018); see also Forbes v. Millionaire Gallery, Inc., 335 So. 3d 1260, 1262 (Fla. 3d DCA 2022) ("When deciding the appropriateness of a directed verdict or JNOV, Florida

---

[1] Consistent with the verdict form, the amended final judgment applied set-off amounts of $2,500 for the policy's deductible and $11,558.69 for Universal's pre-suit loss payment, resulting in a $17,941.31 damages award for Corniel.

trial and appellate courts use the test of whether the verdict is, for JNOVs, or would be, for directed verdicts, supported by competent, substantial evidence." (quoting Siegel v. Cross Senior Care, Inc., 239 So. 3d 738, 743 (Fla. 3d DCA 2018))).

Universal urges us to focus not on Corniel's unequivocal testimony supporting the jury's verdict, but on the testimony elicited by Universal's cross-examination of Corniel's contractor. The factfinder was free to accept Corniel's testimony. We decline – as we must – Universal's invitation to reweigh the evidence. See Acosta v. Citizens Prop. Ins. Corp., 421 So. 3d 716, 720 (Fla. 4th DCA 2025). Our standard of review compels us to affirm the jury's verdict and, therefore, also the challenged amended final judgment. Id.

Affirmed.